*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REHAB & MOBILITY SYSTEMS, LLC,

      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

      Defendant-Appellee.

FOR PUBLICATION
May 18, 2026
2:11 PM

No. 370829
Court of Claims
LC No. 23-000012-MT

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

MARIANI, J. (*concurring*).

I concur in the result reached by the majority opinion. I agree that plaintiff has failed to make a meaningful argument regarding the negative corrected assessment for tax year 2017. I also agree with the majority's core conclusion regarding plaintiff's bid for a tax exemption under MCL 205.54a(1)(k): namely, that plaintiff has failed to show that the items at issue in this case fall within MCL 205.51a(q)'s definition of "prosthetic device" because the items—while perhaps in some cases capable of being used in a manner consistent with the definition—are not specially designed to serve a replacement, corrective, or supportive purpose for a specified bodily condition, as that definition requires. Similar to the majority, I believe this conclusion flows from a proper interpretation of the plain language of the statute and, to the extent that language is ambiguous, the canon of strict construction that would ultimately resolve such ambiguity against plaintiff.[1] Although my own analytical path to that conclusion may differ in some of its details from the majority's, I write separately not to enumerate each of those points, but to briefly offer two observations.

First, plaintiff's position is premised in part on the potential breadth that can be assigned to certain of MCL 205.51a(q)'s language—in particular, its contemplation of a "prosthetic device" serving to "[s]upport a weak . . . portion of the body," MCL 205.51a(q)(*iii*). Taken strictly in

---

[1] See *TOMRA of North America, Inc v Dep't of Treasury*, 505 Mich 333, 343; 952 NW2d 384 (2020).

isolation, this language could be read to sweep within the definition of "prosthetic device" any prescribed item designed to be worn on or in the body to help treat any illness or injury—given that nearly all injuries and illnesses could conceivably be characterized as weakening a portion of the body in some respect. I believe the surrounding language of the statutory definition, along with the interpretive principles governing it, counsel against such a broad understanding of that phrase. But I also find some support for that conclusion in the fact that the Legislature specifically used the terms "illness" and "injury" in defining "durable medical equipment"—another category of items subject to MCL 205.54a(1)(k)'s same tax exemption—but opted not to use such terms in identifying the bodily conditions served by a "prosthetic device." See MCL 205.51a(j) (defining "[d]urable medical equipment" as certain equipment that, among other things, "[i]s not useful generally to a person in the absence of illness or injury"). Of course, an injury or illness certainly can yield a weakness or other bodily condition contemplated by the statute—but the terms, in my view, are not best construed as completely synonymous in this context, such that the presence of the former will always mean the presence of the latter.

Second, while I agree with the majority that the bodily conditions specified by MCL 205.51a(q) might often be "substantial, ongoing," and/or "chronic" rather than "temporary or minor," I do not read the Legislature's chosen language to necessarily require as much. The availability of the exemption, for instance, does not purport to depend on whether the "missing portion of the body" that is being "[a]rtificially replace[d]" could be viewed as minor or insubstantial. MCL 205.51a(q)(*i*). Nor does the exemption purport to exclude all devices specially designed to support or correct a portion of the body that is only temporarily weak, deformed, or malfunctioning. I do not see such categorical limitations in the statutory language, and the disposition of this case in no way requires them. As the majority explains, plaintiff's claimed exemption fails because plaintiff has not adequately shown that the items at issue are specially designed for a statutorily specified purpose, a conclusion that holds regardless of the severity or duration of the bodily conditions at issue.[2] Accordingly, the majority's comments on this point strike me as dicta, and I concur in the result despite them.

/s/ Philip P. Mariani

---

[2] Indeed, plaintiff stresses—and neither the Department nor the majority seems to dispute—the severity of the bodily conditions suffered by the individuals to whom the items at issue in this case were prescribed.